UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY A. MAVRAKIS, | ) | Case No.: 5:17 CV 2398 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN, Southern Ohio | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On November 4, 2017, *Pro Se* Petitioner Tony A. Mavrakis ("Petitioner" or "Mavrakis")
filed a Petition for Writ of Habeas Corpus ("Petition") (Pet., ECF No. 5, PageID# 55) pursuant to
28 U.S.C. § 2254 in the above-captioned case, challenging his conviction and sentencing  for
aggravated burglary.  On June 14, 2014, Mavrakis was found guilty of aggravated burglary,
vandalism, and two counts of aggravated menacing. (*See* State Ct. R., Ex. 3, ECF No. 12-1, PageID#
105–06.) On July 9, 2014, the trial court merged all counts of which Mavrakis was convicted with
the aggravated burglary conviction for the purpose of sentencing, and sentenced Mavrakis to a
mandatory term of seven (7) years in prison. (*See id.* at Ex. 9, Page ID# 187–89.)

 In his Petition, Mavrakis argues that he is entitled to relief based on the following grounds
and supporting facts, verbatim:

**GROUND ONE:**    Defendant was denied effective assistance of counsel
in his direct appeal.

**Supporting Facts:** In the direct appeal, appellate counsel failed to raise winning issues. For example: At trial, it was discovered in cross-examination of state witness (Brandon Rutherford, TOP 277-282; Officer James Deeks, TOP 333–340), that several witnesses engaged in illegal and fraudulent conduct related to the proceedings. The prosecution did not disclose this impeachment evidence despite having prior knowledge of its existence. As a result, testimonies from deceptive witnesses was used against me at sentencing, and resulted in additional bias and prejudice. Trial counsel never objected or raised an argument to this *Brady* violation. This violation (and several others) was never raised in the direct appeal.

**GROUND TWO**: The prosecution concealed exculpatory/intrinsic/ impeachment evidence, and engaged in other forms of misconduct.

**Supporting Facts**: At trial it was discovered in direct/cross-examination of State witnesses, that the prosecution was aware, prior to trial of her witnesses illegal and fraudulent conduct related to the proceedings when they were withholding information from Officers during the investigation but did not disclose the impeachment evidence to the defense. During closing argument the prosecution was vouching for the credibility of these deceptive witnesses, and alluded to matters outside the record or supported by admissible evidence; including the realm of the jury.

**GROUND THREE**: Ineffective Assistance of Trial Counsel

**Supporting Facts**: Counsel failed to object or argue an obvious discovery rule violation by the prosecution; that the trial court failed to comply with R.C. 2945.11; or that the prosecution was vouching for deceptive witnesses, and invading the realm of the jury, engaging in misconduct during closing argument; at sentencing, the judge relied on acquitted charges/testimony to support her decision making; judge denied the jury transcripts during deliberation; a witness of unsound mind testified without a competency hearing being held for this witness for the State; failed to properly impeach witnesses; failed to move for suppression of deceptive

witness statements/testimony.

**GROUND FOUR**: The trial judge did not perform judicial duties without bias or prejudice, nor did she perform judicial duties fairly and impartially.

**Supporting Facts**: The record provides clear and convincing evidence that the prosecution concealed material evidence of her witnesses deceptive/corrupt behavior, and was vouching for their credibility; manifesting bias and prejudice, because at sentencing the judge relied on testimony from these deceptive witnesses and acquitted charges to support her decision making.

**GROUND FIVE**: Insufficient evidence, conviction for agg. burglary against manifest weight of evidence.

**Supporting Facts**: The element of trespass was not met to support a conviction for aggravated burglary. At trial, William "Billy" Fye testified that I "knocked" on the door and he unlocked it (TOP 202). I knocked – Billy got up from the couch – unlocked the door – then sat back down – then I entered. If that does not imply privilege – what does it imply – that I should leave? This issue has been raised, but I can't afford Constitutional Rights.

(Pet., PageID# 41–64.)

On January 29, 2018, Respondent Warden for the Southern Ohio Correctional Institution ("Respondent") filed a Motion to Dismiss the Petition, arguing that it is time-barred because Mavrakis did not file it within the one-year limitations period under 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]    Section 2244(d)(1)(A) provides, in relevant part, that, for petitions filed pursuant to that section, "the limitation period shall run from the latest of the date on which judgment became final by the conclusion of direct review or expiration of the time for seeking such review." This means that, for direct criminal appeals, the one-year limitations period does not begin to run until all direct criminal appeals in the state system are concluded, followed by either the completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (ninety days) for filing for certiorari. *See Clay v. U.S.*, 537 U.S. 522, 528 n.3 (2003); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002); *Williams v.*

(ECF No. 12.) On March 15, 2018, Mavrakis filed his Opposition to the Motion to Dismiss, arguing that he exercised due diligence in pursuing his claims, considering that, *inter alia*, the Ohio Supreme Court's judgment relating to his direct appeal was erroneously mailed to his former attorney, even though, at that time, he was proceeding *pro se*, and that the clerk's mistake constituted "extraordinary circumstances," which he needed to investigate in order to support his claim, explaining why his Petition was delayed one hundred and forty-two (142) days. (*See* Opp'n Mot. Dismiss 4–6.)

On July 26, 2018, Magistrate Judge David A Ruiz ("Magistrate Judge" or "Judge Ruiz") issued a Report and Recommendation (R & R, ECF No. 20), pursuant to Local Rule 72.2, recommending that the Respondent's Motion to Dismiss be granted, and the Petition be dismissed as time-barred. First, Judge Ruiz determined that, absent any tolling, Mavrakis should have filed his habeas petition no later than June 21, 2017, one year and ninety days after the Ohio Supreme Court's decision declining to accept jurisdiction of Mavrakis' appeal. (*See* R & R 10.) However, Mavrakis did not place his petition in the prison mailing system until November 4, 2017, more than four months after the statute of limitations expired. (*See id.*) Second, Judge Ruiz found that Mavrakis' Petition does not meet the requirements for tolling during state postconviction or other collateral review under § 224(4(d)(2), because his petition for postconviction relief was filed and denied on May 15, 2015, long before Mavrakis' conviction became final. (*See id.*) Third, Judge Ruiz determined Mavrakis' delayed Rule 26(B) application also cannot provide him relief from the one-year limitations requirement because that application was not "properly filed" within the meaning of § 2244(d)(2). (*See id.* at 10–11.) Fourth, Judge Ruiz determined that there are no factual

*Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

predicates to Mavrakis' claims which could not have been discovered until sometime after June 22, 2016, when the statute of limitations began to run. (*See id.* at 11–12.) Fifth, Judge Ruiz concluded that equitable tolling would not be appropriate because "it is absolutely clear that Mavrakis was well aware of the deadline for filing his federal habeas petition. In his [O]pposition to the [M]otion to [D]ismiss, he concedes as much." (*See id.* at 12.) Sixth, Judge Ruiz determined that, "even if the court equitably credits Mavrakis the three months and twenty-five days that elapsed between the date of the state appellate court's January 27, 2017 decision and the date Mavrakis allegedly learned about the denial—May 22, 2017—his petition would still be untimely" because it was filed four months and fourteen days late. (*See id.* at 13.) Finally, Judge Ruiz concluded that, even in considering Mavrakis' actual innocence, he "has failed to identify any new, reliable evidence demonstrative of actual innocence." (*See id.* at 14.) Moreover, to the extent Mavrakis is arguing that there was insufficient evidence to convict him at trial, "there is nothing 'new' about trial testimony." (*See id.*) Accordingly, Judge Ruiz recommends that the Petition be dismissed as time-barred.

As of the date of this Order, Mavrakis has not filed objections to the R & R. When no objections are filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

After careful review of Magistrate Judge Ruiz's R & R, and all other relevant documents in the record, the court finds no clear error. *See Arn*, 474 U.S. at 150. Accordingly, the court adopts Judge Ruiz's R & R in its entirety and hereby dismisses Mavrakis' Petition for Writ of Habeas

Corpus (ECF No. 5). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 28, 2018